UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| CHRISTOPHER PAUL DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:20-cv-00523-JPH-MJD |
| | ) |
| REID HOSPITAL (HEATH), | ) |
| RICHMOND POLICE DEPT., | ) |
| WAYNE COUNTY JAIL, | ) |
| | ) |
| Defendants. | ) |

**ENTRY SCREENING AND DISMISSING FIRST AMENDED COMPLAINT
AND GIVING ANOTHER OPPORTUNITY TO AMEND**

**I. Screening of First Amended Complaint**

**A.** *Legal Standards*

Plaintiff Christopher Paul Davis is an inmate currently confined at Putnamville Correctional Facility. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), the Court has an obligation under § 1915A(a) to screen his complaint before service on the defendants.

The Court screened and dismissed Mr. Davis' original complaint and gave him an opportunity to file an amended complaint. He has done so. Dkt. 9.

Pursuant to § 1915A(b), the Court must dismiss the amended complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when

1

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints such as that filed by the plaintiff are construed liberally and held to "a less stringent standard than pleadings drafted by lawyers." *Cesal,* 851 F.3d at 720.

**B.**     *Discussion*

The amended complaint names three defendants: 1) John Doe at Reid Hospital; 2) Richmond Police Dept.; and 3) Wayne County Jail (Health Care Unit). For relief, Mr. Davis seeks compensatory damages. Dkt. 9 at 4.

In his amended complaint, Mr. Davis alleges that on May 8, 2020, he was on parole in Richmond, Indiana. He was walking through someone's yard and was stopped by Richmond Police. He was taken to the Reid Hospital psychiatric unit, and while he was at the hospital, an unnamed orderly attacked him, blacking his eye and knocking out two teeth. He alleges that Officer Saunders of the Richmond Police Department witnessed the incident but did not help him. Mr. Davis was later taken to the Wayne County Jail where he asked to see the nurse for his broken teeth but was refused. He alleges that his Eighth Amendment rights were violated.

Mr. Davis' claims are brought pursuant to 42 U.S.C. § 1983. To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him of a right secured by the United States Constitution or federal laws. *London v. RBS Citizens, N.A.,* 600 F.3d 742, 745-46 (7th Cir. 2010). Because Mr. Davis was not a convicted offender at the time of the alleged incidents, the Eighth Amendment does not apply. *See Estate of Clark v. Walker*, 865 F.3d 544, 546, n.1 (7th Cir. 2017) ("the Eighth Amendment applies to convicted prisoners"). Therefore, any Eighth Amendment claim is **dismissed for failure to state a claim upon which relief can be granted.**

The John Doe orderly at the hospital was a private individual, not a state actor. Therefore, Mr. Davis has not alleged any constitutional claim against the orderly. The claim against John Doe is **dismissed for failure to state a claim upon which relief can be granted.** This ruling does not prevent Mr. Davis from bringing a state law tort claim against John Doe in state court.

As stated in the Entry screening the original complaint, any claim against the Richmond Police Department is **dismissed for failure to state a claim upon which relief can be granted** because it is not a suable entity. *Sow v. Fortville Police Dept.*, 636 F.3d 293, 300 (7th Cir. 2011) ("[T]he Indiana statutory scheme does not grant municipal police departments the capacity to sue or be sued."). *See* dkt. 8 at 3.

In addition, collective liability under 42 U.S.C. § 1983 is not permitted. Mr. Davis has not named any individual who allegedly denied him medical treatment. "Individual liability under § 1983… requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago,* 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault. An *individual* cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation…. A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary.")). Therefore, any claim asserted against the Wayne County Jail Health Care Unit is **dismissed for failure to state a claim upon which relief can be granted.** If this action is not dismissed in its entirety, and if Mr. Davis learns the identity of individuals who participated in denying his requests for medical treatment, he may seek leave to bring those claims in the future.

For these reasons, the First Amended Complaint is **dismissed for failure to state a claim upon which relief can be granted.**

## II. Further Opportunity to Amend

Mr. Davis did not name Officer Saunders as a defendant in the caption of the First Amended Complaint. Because a plaintiff is the master of his own complaint, *Myles v. United States,* 416 F.3d 551, 552 (7th Cir. 2005) ("even *pro se* litigants are masters of their own complaints and may choose who to sue—or not to sue"), the Court will not assume that he intended to sue Officer Saunders. Instead, Mr. Davis shall have one more opportunity to amend his complaint. In doing so, he should not reallege claims or name defendants previously dismissed for failure to state a viable claim. But if he wishes to reallege facts relating to Officer Saunders and name Officer Saunders as a defendant, he may file a "Second Amended Complaint" **not later than May 6, 2021.**

The Second Amended Complaint must contain the proper case number on the first page, 2:20-cv-00523-JPH-MJD. The Second Amended Complaint would completely replace previous complaints and therefore must be complete. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."). If no Second Amended Complaint is filed, this action will be dismissed without further order for failure to state a claim pursuant to 28 U.S.C. § 1915A(b).

**SO ORDERED.**

Date: 4/8/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

CHRISTOPHER PAUL DAVIS
998477
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135